**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LEON WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-104-PLC |
| | ) | |
| UNKNOWN SIDES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion of plaintiff Leon Wilder, an inmate at the Cape Girardeau County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court grants the motion, and assesses an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court denies plaintiff's motion to appoint counsel, and provides him an opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

Plaintiff did not submit a certified inmate account statement in support of the instant motion.  The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678

(citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S.

97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible,"

the court should "construe the complaint in a way that permits the layperson's claim to be

considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se*

complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v.

Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts

that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules

so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508

U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Detective Unknown

Sides, Kathy Siddell, "Cape Girardeau City Police," "Cape County Jail and Staff," and "Cape

County Prosecutor."  (ECF No. 1 at 1-4).  Plaintiff prepared the complaint using a court-provided

form, as required, but he failed to sign it. Plaintiff indicates he sues Siddell in her individual

capacity, but he does not identify her employer or job title.  Plaintiff indicates he sues "Cape

County Jail and Staff" in an official capacity.  He does not indicate the capacity in which he sues

Detective Sides.

Plaintiff sets forth his statement of claim in a series of statements about various matters,

without identifying the particular defendant or defendants responsible for causing harm.  Plaintiff

begins by writing:

3

with my [illegible] she has me locked up on [illegible] cause I wouldn't give her money or food stamps. So Cape City arrested me at a gas station and said I was under arrest for a sex crime in front of 30 or more people without any [evidence] of a crime. Just hearsay.

*Id.* at 5.  Plaintiff states he has been incarcerated for 8 months for a crime he did not commit, and he states the prosecutor has insufficient evidence against him.  He claims he lacks the financial means to pay bond, and he complains it takes too long to speak to a public defender.  He claims "they" put him in a jail with no law library, and he states he was placed in a dorm with inmates who tried to extort him.  *Id.* He states "the medical staff has not got my meds correct yet."  *Id.*  He states he locks himself in his cell to avoid fighting.  He seeks monetary relief.

## Discussion

As noted above, plaintiff failed to sign the complaint.  Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and directs this Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . .  party's attention."  In this case, it would be futile to give plaintiff the opportunity to correct the omission of his signature, because the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

The complaint contains no facts from which the Court can discern any plausible claim for relief against Detective Sides, Kathy Siddell, any staff member of the Cape Girardeau County Jail or Prosecuting Attorney's Office, or any individual who could be identified as a defendant. Additionally, entities such as jails and police departments are not subject to suit under 42 U.S.C. § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are not "juridical," or suable, entities under 42 U.S.C. § 1983). Therefore, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).   In

consideration of plaintiff's *pro se* status, the Court will not dismiss this action at this time, and instead affords plaintiff the opportunity to file an amended complaint.

Plaintiff is advised that the amended complaint replaces the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). The Court reminds Plaintiff he must sign the amended complaint.

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should write the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wants made to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues,

the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, the Court cannot determine whether plaintiff has stated a non-frivolous claim, as he has yet to file a complaint that survives review under 28 U.S.C. § 1915(e)(2)(B). Additionally, the record does not support a conclusion that plaintiff is incapable of representing himself or that the factual or legal issues in this case are sufficiently complex to justify the appointment of counsel.  At this time, the Court denies the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2022