UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LEON CORTEZ WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00104-PLC |
| | ) | |
| DARRIN SIDES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on initial review of self-represented plaintiff Leon Cortez Wilder's amended complaint under 28 U.S.C. § 1915(e)(2)(B). Based upon an initial review of the amended complaint, the Court will dismiss this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed by an incarcerated person who has not paid the full filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon

---

[1] On October 31, 2022, plaintiff was granted leave to proceed in the district court without prepaying filing fees and costs. *See* ECF No. 5. The Court ordered him to file an amended complaint.

judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendants Darrin Sides (Detective, Cape Girardeau Police Department) and Kathy Siddell (unidentified) arising out of plaintiff's arrest and state court conviction for felony enticement or attempted enticement of a child.

Plaintiff states that he was wrongly accused of statutory sodomy on October 26, 2021. He sues defendants for defamation of character. He states, in full:

> Darrin Sides [] conducted an investigation leading to defamation of character and failed to do follow up investigation/interview with Leon Cortez Wilder. Discovery will prove Sides [] provided false information in the warrant application.

Plaintiff has not identified any relief that he seeks, leaving "Section IV, Relief" on his prisoner civil rights complaint form blank.

## Discussion

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

On December 13, 2022, plaintiff pled guilty in Cape Girardeau County Circuit Court to felony enticement or attempted enticement of a child. *See State v. Wilder*, No. 21CG-CR01760-01 (Cape Girardeau Cir. Ct. Dec. 13, 2022). He was sentenced to seven years' imprisonment. *Id.* Plaintiff has not filed an appeal of his conviction.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id*. at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id*. at 486.

A claim for damages after a conviction or sentence that has not been invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*.; *see also Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of *Heck* rule in § 1983 cases).

Plaintiff's § 1983 action alleges that officer Darrin Sides of the Cape Girardeau Police Department provided false information in his warrant application for the arrest of plaintiff on charges of enticement of a child. *See* ECF No. 6 at ¶5. He seeks damages for defamation of character arising out of the information defendant Sides provided on the warrant application. *Id.* Plaintiff's claim necessarily implies the invalidity of his criminal plea, conviction, and sentence in Missouri state court for enticement or attempted enticement of a child. As such, *Heck* bars plaintiff's claims brought under § 1983.

Additionally, to the extent plaintiff is bringing a claim solely for defamation of character, he cannot pursue a defamation action in federal court. A § 1983 action cannot be based on a theory of slander, defamation, or libel. *See Paul v. Davis*, 424 U.S. 693, 711-712 (1976) (determining that regardless of seriousness of "defamatory publications," the harm to plaintiff's reputation "did not deprive him of any liberty or property interests protected by the Due Process Clause"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States"); and *Smith v. Iverson*, 2019 WL 4417548, at *11 (D. Neb. 2019) (stating that "[a] § 1983 action cannot be predicated upon the theory of slander, defamation, or libel").

For these reasons, plaintiff's amended complaint brought pursuant to 42 U.S.C. § 1983 will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and pursuant to the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of January, 2023.

                                               */s/ Stephen N. Limbaugh, Jr.*
                                             STEPHEN N. LIMBAUGH, JR.
                                             SENIOR UNITED STATES DISTRICT JUDGE